IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

SCOTTY DEWAYNE ROWTON                                                    PLAINTIFF

VS.                              CASE NO. 13-CV-6092

METLIFE AUTO AND HOME
INSURANCE AGENCY, INC.                                                   DEFENDANT

## MEMORANDUM OPINION

Before the Court is a Motion for Summary Judgment filed by Defendant Metropolitan Life Insurance Company ("MetLife").[1]  ECF No. 15.  Plaintiff has responded.  ECF No. 18.  MetLife has filed a reply.  ECF No. 23.  The matter is ripe for the Court's consideration.

## I.  BACKGROUND

This lawsuit pertains to life insurance benefits under the Federal Employees' Group Life Insurance ("FEGLI") Program payable as a result of the death of Moses E. Lopez, Jr.  Lopez, as an employee of the Central Arkansas Veterans Healthcare System, had $310,000 of Option B life insurance coverage under the FEGLI policy issued by MetLife.  Lopez passed away on December 17, 2012.

By December 27, 2012, both Plaintiff Scotty Rowton[2] and Idell Duncan[3] had submitted a Claim for Death Benefit to MetLife.  Duncan retained an attorney, claiming that she was initially designated as the recipient of the Option B benefits but that the insurance form was altered by crossing through the "B" with an "A."  ECF No. 15-4, p. 11.

---

[1]MetLife claims that it has been incorrectly identified by Plaintiff as MetLife Auto and Home Insurance Agency, Inc.

[2]Plaintiff identified himself as a friend of Lopez.  ECF No. 15-4, p. 7.

[3]Idell Duncan identified herself as a sibling of Lopez.  ECF No. 15-4, p. 4.

On August 12, 2013, while MetLife was conducting a review of the allegations raised by the adverse claimants, Plaintiff filed the present lawsuit, seeking judgment for $310,000 representing the Option B proceeds plus "applicable interest, costs and attorneys fees . . . ."[4]  ECF No. 1.  MetLife ultimately determined that Plaintiff was the rightful beneficiary of the Option B proceeds and sent Plaintiff a check in the amount of $311,176.42 on September 20, 2013.  The total amount of the check represented the full amount of the Option B proceeds plus payable interest at the applicable rate of 0.5% .  MetLife claims that it is entitled to summary judgment and that Plaintiff's Complaint should be dismissed because Plaintiff has received the full payment to which he is entitled under the FEGLI policy.

## II.  STANDARD OF REVIEW

Federal Rule of Civil Procedure 56(c) states that summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Under this standard, the inquiry is not whether the evidence favors one side or the other, but "whether a fair minded jury could return a verdict for the plaintiff on the evidence presented." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).  When considering a summary judgment motion, the Court "must view the evidence 'in the light most favorable to the nonmoving party.'" *Sappington v. Skyjack, Inc.*, 512 F.3d 440, 445 (8th Cir. 2008) (quoting *F.D.I.C. v. Bell*, 106 F.3d 258, 263 (8th Cir. 1997)).  To defeat a motion for summary judgment, however, the non-moving party must "make a showing sufficient to establish the existence of an element essential to that party's case and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*,

---

[4]Section 1.17 of the FEGLI policy at issue, however, specifically states that attorneys' fees are not recoverable under the FEGLI Program.  ECF No. 15-2, p. 17.

477 U.S. 317, 322 (1986).  The "nonmovant must present more than a scintilla of evidence and must advance specific facts to create a genuine issue of material fact for trial." *Bell*, 106 F.3d at 263 (8th Cir. 1997).  "In order to survive a motion for summary judgment, the non-moving party must be able to show sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy." *Binkley v. Entergy Operations, Inc.*, 602 F.3d 928, 931 (8th Cir. 2010).

## III.  DISCUSSION

MetLife asserts that Plaintiff's claims should be dismissed because it paid Plaintiff the full amount to which he was entitled to under the FEGLI policy.  In his response to the summary judgment motion, Plaintiff admits that "he has been paid the insurance policy benefit with interest. Plaintiff denies that this case should be dismissed with prejudice."  Plaintiff does not state in his response why he believes this case should not be dismissed.[5]  Instead, Plaintiff states that he "has contemporaneously filed a Motion for Summary Judgment detailing why this case should not be dismissed with prejudice."  ECF No. 18, ¶ 2.

In the contemporaneously filed summary judgment motion, Plaintiff's attorney attempts to pursue an alleged attorney's lien and claims that he is entitled to an attorney's fee.  The Court, however, denied the summary judgment motion filed by Plaintiff's attorney as procedurally improper.  ECF No. 29.

It appears to the Court that the only issues that remain in this case pertain to an alleged attorney's lien and a claim for an attorney's fee.  No case or controversy presently exists relative to the FEGLI benefits.  Plaintiff has failed to meet his burden in responding to MetLife's claim that it has no further liability under the FEGLI policy.  Thus, MetLIfe is entitled to summary judgment.

---

[5]Plaintiff's response consists of five paragraphs providing only general admissions or denials.

## IV.  CONCLUSION

For the reasons stated above, the Court finds that MetLife's Motion for Summary Judgment (ECF No. 15) should be and hereby is **GRANTED**, and  Plaintiff's claims are **DISMISSED WITH PREJUDICE**.  The Court will issue a Judgment of even date consistent with this Opinion.

**IT IS SO ORDERED**, this 16th day of September, 2014.


/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge